# JUNE 5, 1946

## MARVIN WELDON HOSKINS V. THE STATE.

No. 23383. Delivered June 5, 1946.

The opinion states the case.

No attorney of record on appeal for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for theft of corporeal personal property over the value of fifty dollars. The punishment was assessed at confinement in the State penitentiary for life as an habitual criminal.

The indictment in this case, in addition to charging theft, charged two prior convictions of felonies less than capital.

Appellant's only contention is that the evidence is insufficient to sustain his conviction. We have carefully reviewed the record from which we have reached a different conclusion.

There is but one issue upon which appellant's evidence is in conflict with that introduced by the State as will appear from a brief statement of the salient facts proven on the trial. The State proved by Jack Farris that on the afternoon of the 24th

day of July, he parked his 1940 model Ford Coupe on Travis Street; that about two hours later, when he returned, his car was gone. He immediately reported the matter to the Police Department and gave them a description of the car and the license number. Later, in the afternoon, Mr. Fabian, a policeman, saw the car at the intersection of Preston Avenue and Crawford Street, and noticed that appellant was driving it. He stopped him, arrested him and carried him to the police station. Farris testified that he did not give his consent to appellant to take his coupe; that it was taken from where he had parked it without his knowledge or consent. Appellant testified that he met Jack Ferris about 1:00 P. M., and asked him to loan him his car for the purpose of driving to a designated place with a view of obtaining employment; that Farris told him O. K., and as a result of the reply made by Farris, he took the car and drove it while seeking a job.

Appellant's former convictions were duly proved, and no questions were raised concerning them other than that he claimed in his motion for a new trial that the conviction in Tarrant County was for a capital offense, to-wit, robbery by the use of firearms. This was at variance with the judgment of conviction in said case.

It will be noted that really the only issue in the case was whether or not appellant took the automobile in question without or with the consent of the owner, and this issue the jury decided adversely to his contention. This court is bound by the conclusion reached by the jury upon any controverted issue of fact.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.